# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| PETER C. BULLETTI,<br><br>            Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant. | No. C 11-5368 MEJ<br>Related Case No. 12-682 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**Re: Docket No. 25 (C-11-5368)**<br>      **Docket No. 20 (C-12-682)** |

## INTRODUCTION

These related cases involve Plaintiff Peter C. Bulletti's (Plaintiff) application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-33, §§ 1381-83f. The Court related the two cases on July 11, 2012. Dkt. No. 18.[1] Pending before the Court is Defendant Michael J. Astrue's (Defendant) Motion to Dismiss both cases for lack of subject matter jurisdiction. Dkt. No. 25. The Court finds this matter suitable for disposition without oral argument and VACATES the October 4, 2012 hearing. Civil Local Rule 7-1(b). Having considered the parties' arguments and relevant legal authority, the Court GRANTS Defendant's motion and DISMISSES both cases for the reasons set forth below.

## BACKGROUND

In December 2006, Plaintiff applied for DIB and SSI under the Act, 42 U.S.C. §§ 401-433, §§ 1381-1383f. Rodo Decl. ¶ 4, Dkt. No. 25-1. In December 2008, an ALJ found Plaintiff disabled

---

[1] For clarity, the Court cites to the docket numbers for the lower-numbered case, C-11-5368, unless otherwise noted.

1 under Title XVI of the Act, but dismissed the DIB (Title II) application because Plaintiff, through
2 counsel, had withdrawn it at the hearing before the ALJ. Rodo Decl. ¶¶ 5-6; Ex. A. In the same
3 decision, the ALJ approved the fee agreement between Plaintiff and his attorney. *Id.*, Ex. A.

4 Plaintiff apparently dismissed his attorney and sought assistance from the agency's Appeals
5 Council to have his DIB application reopened and adjudicated. Rodo Decl. ¶ 7. In September 2009,
6 the agency found Plaintiff disabled under Title II of the Act, and awarded DIB retroactive to
7 September 2001. *Id.* ¶ 7; Ex. B.

**A. Payment History**

9 Although Plaintiff was found disabled under Title XVI, he did not receive SSI payments
10 because his assets exceeded the federal limit on resources. *Id.* ¶ 8. As for his DIB benefits, the
11 agency computed a past-due amount of benefits for the retroactive period of disability, deducted
12 benefits to which he was not entitled because of a period of ineligibility, and sent him a lump-sum
13 payment in February 2010. *Id.* ¶¶ 9-10. Thereafter, the agency also sent Plaintiff monthly DIB
14 payments. *Id.* ¶ 15. The notices the agency sent Plaintiff advised him of his responsibility to report
15 any workers' compensation payments he might receive. *Id.* ¶ 13; Ex. C.

**B. Attorney's Fees**

17 Ordinarily, once the agency approves a fee agreement between a claimant and his or her
18 attorney, the agency deducts the attorney's fees from a payment to the claimant of past due benefits
19 and pays the attorney. *Id.* ¶ 12. In February 2010, the agency approved the fee agreement between
20 Plaintiff and his lawyer, informed Plaintiff the maximum fee was $5,300.00, and that Plaintiff could
21 appeal the amount of the fee. *Id.* ¶ 12; Ex. D. At the same time, the agency sent Plaintiff a
22 lump-sum for past due benefits, without deducting any attorney's fees from the lump-sum. *Id.* ¶¶
23 13-14. The agency paid Plaintiff's former attorney in June 2010, but several months later, notified
24 the attorney that it had erroneously paid him, and requested that he refund the erroneous payment to
25 the agency. *Id.* ¶¶ 18-19; Ex. F. The agency did not at any time withhold any money from
26 Plaintiff's monthly DIB payments to recoup fees the agency paid his attorney. *Id.* ¶ 18. Plaintiff
27 nonetheless appealed the agency's approval of the attorney's fees. *Id.* ¶ 17; Pl.'s Atty.'s Fee
28

2

1 Compl., App. B (Dkt. No. 1 in C-12-682).

## C.    Workers' Compensation Offset and Overpayment

Under Section 224 of the Act, the agency may reduce a claimant's DIB payments to offset workers' compensation benefits he or she receives. 42 U.S.C. § 424a; Rodo Decl. ¶ 20. Plaintiff reported receipt of state workers' compensation benefits. Pl.'s Overpayment Compl. at 5, (Dkt. No. 1 in C-11-5368). Thus, as required by law, the agency offset Plaintiff's DIB payments for the workers' compensation benefits. Rodo Decl. ¶ 21. The retroactive offset generated an overpayment of benefits and, in July 2011, the agency notified Plaintiff of the overpayment, the reason for the overpayment, and its intention to recoup the overpayment. *Id.* ¶ 22; Ex. H.

Plaintiff received two separate notices about the overpayment amount, each giving a different amount. *Id.*, Exs. H, I. Despite the confusion that the two notices may have created, each notice correctly stated the fact of the overpayment caused by Plaintiff's receipt of workers' compensation benefits. *Id.* ¶¶ 22-23. In addition, each overpayment notice included an explanation of Plaintiff's appeal rights: (1) the right to appeal by asking for reconsideration (contesting the fact or amount of the overpayment); and (2) the right to request waiver of the recoupment (seeking an equitable remedy). *Id.* ¶ 22; Exs. H, I. Plaintiff requested reconsideration of both the overpayment determination and the Worker's Compensation benefits offset. *Id.* ¶ 24. The agency reviewed Plaintiff's request, issued a decision on Plaintiff's request for reconsideration, affirmed its initial determination, and gave Plaintiff notice of his right to request a hearing if he disagreed with the decision. *Id.* ¶ 26; Ex. J. To date, the agency has no record that Plaintiff has requested an ALJ hearing. *Id.* ¶ 27.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and these limits, whether imposed by the Constitution or by Congress, cannot be disregarded or evaded. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (holding that a federal court's "power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred"). Federal courts have original jurisdiction over cases that

involve diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S. at 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court must dismiss claims over which it lacks subject matter jurisdiction. These include cases where (1) the cause does not "arise under" any federal law or the United States Constitution, (2) there is no case or controversy within the meaning of that constitutional term, or (3) the cause is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *Colwell v. Dept. Health & Human Servs.*, 558 F.3d 1112, 1121-22 (9th Cir. 2009) (dismissal for lack of subject matter jurisdiction appropriate where no case or controversy, including where matter is unripe). Furthermore, Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

Article III, Section 2 of the United States Constitution limits federal jurisdiction to "actual ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). Inherent in the case or controversy principle is the requirement that plaintiffs have standing. *See Singleton v. Wulff*, 428 U.S. 106, 112 (1976); *Colwell*, 558 F.3d at 1121-22. At the "irreducible minimum," standing requires that the party invoking the power of the court satisfy a three-pronged test: (1) he has suffered an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) ("it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") (citations omitted); *see also Edwards v. First American Corp.*, 610 F.3d 514, 516 (9th Cir. 2010) (to establish Article III standing, a plaintiff must show three elements: injury, causation, and redressability). "It is appropriate to address the question

4

of standing in deciding a motion to dismiss because the elements of standing are an indispensable part of the plaintiff's case, and accordingly must be supported at each stage of litigation in the same manner as any other essential element of the case." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (internal quotations omitted).

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Thornhill Publ. Co. v. Gen'l Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). When, as here, a defendant challenges the latter, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* (internal quotation marks and citation omitted). The Court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

## DISCUSSION

In his motion, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has not exhausted his available administrative remedies. Def.'s Mot. at 7. Specifically, Defendant argues that the Act bars peremptory judicial intervention in routine benefit claims processing and, because Plaintiff has not completed the agency's administrative review process, he cannot invoke judicial review. *Id.* at 7-8. Defendant further argues that the Court should dismiss Plaintiff's Attorney's Fees Complaint (C-12-682) because the issue in the case is now moot. *Id.* at 10. Defendant argues that the agency never withheld attorney's fees from Plaintiff's lump-sum payment of past due benefits or monthly DIB payments, and that the agency agrees with Plaintiff that his former attorney should not be paid from Plaintiff's benefits. *Id.* at 10-11.

In response, Plaintiff does not argue that he has exhausted his administrative remedies; instead, he contends that he is excused from the exhaustion requirement for three reasons: (1) his "claims are distinctive from that of the Title II favorable decision claim"; (2) the stress of litigating

these actions is causing irreparable harm to his health; and (3) "the reconsideration appeal process is 100% futile" Pl.'s Opp'n at 6-11, Dkt. No. 33.

**A.     Jurisdiction and Exhaustion of Administrative Remedies under the Act**

    1.     <u>Jurisdiction under the Act</u>

The United States and its agencies, including the Social Security Administration, are immune from suit absent a statutory waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Without clear congressional consent, no court has jurisdiction to entertain suits against the United States. *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996). Additionally, any alleged waiver will be strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Therefore, a plaintiff bringing suit against a federal agency has the burden of identifying the unequivocally expressed waiver of immunity. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003).

The Social Security Act contains a limited waiver of sovereign immunity. 42 U.S.C. § 405(g), (h). However, the Act bars peremptory judicial intervention in routine benefit claims processing. Section 405(g) sets forth the sole jurisdictional basis for review of administrative actions arising out of claims for benefits under Titles II and XVI of the Act, 42 U.S.C. §§ 401 et seq. Section 405(g)[2] provides for judicial review only of a "final decision" of the Commissioner made after a hearing to which the plaintiff was a party. 42 U.S.C. §405(g); *Schweiker v. Chilicky*, 487 U.S. 412, 424-26 (1988); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). All other avenues of review are foreclosed by 42 U.S.C. § 405(h).[3] *See also Shalala v. Illinois Council on Long Term*

---

[2] Under 42 U.S.C. § 405(g): "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . As part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."

[3] Under 42 U.S.C. § 405(h): "The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No

*Care, Inc.*, 529 U.S. 1, 20 (2000) ("This Court crossed the relevant bridge long ago when it held that Congress, in both the Social Security Act and the Medicare Act, insisted upon an initial presentation of the matter to the agency."); *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (holding 42 U.S.C. § 405(g) requires final agency decision before judicial review).

For such claims, the judicial review procedure of section 405(g) is exclusive, and administrative exhaustion is necessary. 42 U.S.C. § 405(g) (a civil action may be brought only after the Commissioner has made a final decision on the claim); § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5) (finding an administrative law judge's decision does not become final until a claimant requests review by the Appeals Council, and the Appeals Council either denies review or issues a decision).

The term "final decision" is undefined in the Act, but "its meaning is left to the [Commissioner] to flesh out by regulations." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Under the Act, the authority to determine what constitutes a "final" decision ordinarily rests with the Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976).

2. The Agency Review Process

The Commissioner's regulations require a four-step administrative review process. 20 C.F.R. §§ 404.900(a), 416.1400(a). If at any point a claimant does not pursue available administrative appeal rights, the last administrative determination or decision becomes binding, but not final. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481; *see also* 20 C.F.R. §§ 404.901, 416.1401 (defining "determination" and "decision").

At the first level, the agency makes an initial determination about an individual's entitlement to benefits. 20 C.F.R. §§ 404.900(a)(1), 416.1400(a)(1). The administrative appeal process applies to determinations about overpayment of benefits. 20 C.F.R. §§ 404.902(j)-(k), 416.1402(a), (c); *see*

---

findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this title."

*also Sipp v. Astrue*, 641 F.3d 975, 980 (8th Cir. 2011). If the individual is dissatisfied with the initial determination, he may ask for reconsideration. 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If the individual is dissatisfied with the reconsideration determination, he may request a hearing before an ALJ. 20 C.F.R. §§ 404.900(a)(3) 416.1400(a)(3). If the individual is dissatisfied with the ALJ's decision, he may request an Appeals Council review. 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). Once the Appeals Council issues its own decision, or denies the request for review, the agency has made a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). The completion of this administrative process is necessary for obtaining a "final decision of the Commissioner" that triggers the right to judicial review under the Act. 42 U.S.C. § 405(g).

### 3. Application to the Case at Bar

Here, the Court finds that it lacks jurisdiction because Plaintiff has not completed the agency's administrative review process. As an initial matter, it is evident that Plaintiff is familiar with the agency's administrative remedies. He successfully advocated on his own behalf where his former attorney failed: he requested Appeals Council review of an ALJ decision, and he was subsequently found disabled under Title II and awarded DIB benefits. Rodo Decl. ¶¶ 6-7, 9-10, 14-15. He also successfully petitioned the agency to rescind the approval of his fee agreement with his former attorney; the agency is now trying to recoup the erroneous payment from the attorney and is not requiring any action or payment from Plaintiff. *Id.* ¶¶ 17-19.

The remaining issue of the workers' compensation offset, and any overpayment it may generate, has not been resolved yet within the agency, and it is therefore prematurely before this Court. Deciding that the agency paid Plaintiff too much in past due benefits, and that the overpayment of benefits must be repaid, constitute initial agency determinations. 20 C.F.R. §§ 404.902(j)-(k), 416.1402(c). The agency sent Plaintiff two notices explaining that it overpaid his benefits due to a worker's compensation benefits offset. Rodo Decl. ¶¶ 21-23, Exs. H, I. Both notices also explained how to request a reconsideration if Plaintiff disagreed with the overpayment, as well as how to request a waiver of the recoupment of the overpayment. *Id.* ¶ 22; Exs. H, I.

Plaintiff properly requested reconsideration on July 30, 2011. *Id.* ¶ 24. The agency responded to Plaintiff's request for reconsideration on May 29, 2012. *Id.* ¶ 26. The decision explained that the agency reviewed Plaintiff's request to reconsider how it had computed the Worker's Compensation benefits offset, and determined that its first decision was correct. *Id.* The notice also gave reasons for the agency's decision. *Id.*, Ex. J. at 3-6. Furthermore, the agency also explained how to request a hearing before an ALJ if Plaintiff disagreed with the reconsideration decision. *Id.* at 1-2. Defendant states that Plaintiff has not submitted a hearing request. *Id.* ¶ 27. Plaintiff, in his Opposition, does not assert any facts to the contrary. Thus, because Plaintiff has not completed the agency's review process, he cannot invoke judicial review under §405(g). *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (holding that because appellant had failed to request a reconsideration, a hearing before an administrative law judge, or review by the appeals council, the district court did not err in dismissing his complaint for lack of subject matter jurisdiction).

**B.     Waiver of Exhaustion Requirements**

Having determined that Plaintiff failed to exhaust his administrative remedies, the Court next considers Plaintiff's argument that the Court should waive the exhaustion requirement. Plaintiff argues that he is excused from the exhaustion requirement for three reasons: (1) his "claims are distinctive from that of the Title II favorable decision claim"; (2) the stress of litigating these actions is causing irreparable harm to his health; and (3) "the reconsideration appeal process is 100% futile" Pl.'s Opp'n at 6-11.

The Court may waive the exhaustion requirement "if, and only if," Plaintiff satisfies a three-part test: "[t]he claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Bass*, 872 F.2d at 833 (citing *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987)). As to the first requirement, Defendant has demonstrated in his motion to dismiss that the overpayment issue is directly derived from Plaintiff's award of disability benefits. *See* Def.'s Mot. at 5. Thus, Plaintiff's claim is not collateral to the substantive claim of entitlement,

9

1 but directly concerns his substantive claim.

2 Second, Plaintiff cannot demonstrate futility. On the contrary, he has successfully availed himself of the administrative review process on two occasions to date. After Plaintiff was initially denied Title II benefits, he represented himself and requested Appeals Council review of an ALJ decision and was subsequently found disabled under Title II and awarded disability benefits. *See* Def.'s Mot. at 9-10. He also successfully petitioned the agency to rescind the approval of his fee agreement with his former attorney; the agency is now trying to recoup the erroneous payment from the attorney and is not requiring any action or payment from Plaintiff. *Id.* at 10. The administrative appeals process, therefore, has not been an exercise in futility for Plaintiff to date, and any assertions to the contrary are not based on fact. Further, as the Ninth Circuit in *Bass* explained, in overpayment cases such as Plaintiff's, administrative proceedings are "necessary in order to establish a detailed factual record and permit the agency to apply its expertise." *Bass*, 872 F.2d at 833. For these reasons, waiver of the exhaustion requirement is not appropriate.

### C. Attorney's Fees

As to Plaintiff's Attorney's Fees Complaint (C-12-682), the Court finds that it must also be dismissed because the issue in the case is now moot. "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Corrective action by an agency can moot an issue. *Comm'r of Int. Rev. v. Shapiro*, 424 U.S. 614, 622-23 n.7 (1976). A court determines whether a case is moot "by examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir. 1988). Thus, a case is "moot" when it presents no actual controversy or where the issues have been resolved and cease to exist. When a case becomes moot, it must be dismissed. *Grand Canyon Trust v. U.S. Bureau of Reclamation*, -- F.3d --, 2012 WL 32664499 (9th Cir. 2012) (citing *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). The court lacks jurisdiction "to decide moot questions or abstract propositions," because "moot questions require no answer." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (internal quotation marks,

citations and alterations omitted).

Here, Defendant has shown that the agency never withheld attorney's fees from Plaintiff's lump-sum payment of past due benefits or monthly DIB payments. Rodo Decl. ¶¶ 12, 14, 18. Although notices to Plaintiff indicated that if he did not pay his lawyer the approved fee, the agency could withhold benefits to cover the approved fee, it never did so. *Id.* ¶¶ 12, 14, 18 & Ex. D at 2. Moreover, the agency came to agree with Plaintiff that his former attorney should not be paid from Plaintiff's benefits. Thus, Plaintiff has neither an actual injury nor a redressable injury, no actual controversy exists between Plaintiff and the agency, and, to the extent there was ever a live controversy, the matter is now moot.

Further, to the extent that Plaintiff may believe that the agency's erroneous payment to his former attorney may have generated an overpayment charged to him, as discussed above, Defendant has established that this is factually incorrect. In addition, if he desired further explanation from the agency, Plaintiff has not exhausted administrative remedies that he may pursue regarding such calculation. Therefore, any non-mooted claims are unripe and should therefore be dismissed for lack of subject matter jurisdiction.

### D. Leave to Amend

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Ninth Circuit has construed this provision broadly, instructing that district courts should grant leave to amend a pleading with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend should be denied when a plaintiff cannot cure the deficiencies in his complaint and amendment would be futile. *See Carrico v. City of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). "Although [Rule] 15(a) requires that leave to amend be freely given when justice so requires, if it is clear the court lacks subject matter jurisdiction and amendment could not cure the problem, the court must dismiss the case in its entirety." *Foster v. KNTV Television, Inc.*, 444 Fed. App'x 132, 133 (9th Cir. 2011) (citing *Carvalho v. Equifax Info. Serv.*,

629 F.3d 876, 892-93 (9th Cir. 2010)). As explained above, Plaintiff did not exhaust his administrative remedies, and no amendment will cure this deficiency. Thus, dismissal without leave to amend is appropriate.

## CONCLUSION

Based on the analysis above, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's Complaints WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: September 19, 2012

Maria-Elena James
Chief United States Magistrate Judge